UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL LUTE,<br><br>        Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; BANK OF AMERICA, N.A.,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Michael Lute alleges:

## **PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## **PARTIES**

4. Plaintiff, Michael Lute, is a natural person, who at all relevant times has resided in Tennessee.

5. Defendant TransUnion, LLC ("TRANSUNION") is a business entity that regularly conducts business in the state of New York with its principal place of business at 555 West Adams, Chicago, Illinois 60661. TRANSUNION is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Experian Information Solutions, Inc. ("EXPERIAN") is a corporation regularly conducting business in the State of New York with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626. EXPERIAN is a "consumer reporting agency", as defined 15 U.S.C. §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Bank of America, N.A. ("BOA"), is a bank corporation that regularly conducts business in Tennessee with its corporate headquarters located at 100 North Tryon Street, Charlotte, North Carolina 28255. BOA regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding BOA's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## FACTUAL STATEMENT

8. On a date better known by Defendants, Lute opened accounts #4888941991606041 and #5466320998637704 (BOA Accounts) with BOA.

9. Sometime prior to 2016, after non-payment on the BOA Accounts, BOA reported Plaintiff's BOA Accounts with a balance and past due balance, to the credit bureaus, EXPERIAN and TRANSUNION.

10. On December 30, 2016, BOA discharged the debt and issued Lute 1099C on Account #4888941991606041 and Account #5466320998637704 and the waiver was considered a taxable income.

11. "Canceled" is a term of art that means that the creditor has forgiven the loan and has released the debtor from the obligation to repay the funds previously borrowed.

12. BOA sent notice of their decisions to Plaintiff at his residence.

13. On information and belief, BOA reported to the IRS that the BOA Accounts had been canceled and obtained a tax benefit for BOA on that basis.

14. On information and belief, BOA voluntarily disposed of BOA's right to collect on the BOA Accounts and unilaterally procured a benefit for BOA by exercising the power to dispose of those contractual rights.

15. Plaintiff was no longer obligated to repay BOA because BOA fully disposed of BOA's rights under the contract, just as Plaintiff would not be obligated if BOA had disposed of BOA's rights by selling the BOA accounts or otherwise assigning BOA's rights to a private party for valuable consideration.

16. Despite reporting to Plaintiff and the IRS that the BOA Accounts were canceled, BOA continued to report the accounts to EXPERIAN and TRANSUNION as still owing to BOA and having a balance due, and a monthly balanced owed.

17. BOA unilaterally gained the benefits both of continuing to collect a debt and canceling the debt, while unilaterally imposing on Plaintiff the detriments of still owing the balance while also imposing the detriments associated with the debt being canceled.

18. On or about August 2018, Plaintiff reviewed his credit report and noticed that the BOA trade lines continued to report a balance due on his EXPERIAN and TRANSUNION credit reports, suggesting that Plaintiff continued to owe the cancelled debts. As the BOA Accounts cannot be both canceled and still have a balance due, on or about August 9, 2018,

Plaintiff sent initial dispute letters to EXPERIAN and TRANSUNION stating that the debts had been cancelled.

19. In response to Plaintiff's dispute, the BOA trade lines were verified and continued to report a balance and past due amount on Plaintiff's EXPERIAN and TRANSUNION credit reports.

20. Had BOA conducted a reasonable investigation into Plaintiff's dispute, it would have listed the balance as zero. BOA's failure to reasonably investigate Plaintiff's dispute has negatively affected Plaintiff's credit worthiness.

21. EXPERIAN and TRANSUNION also failed to properly report the errant BOA trade lines. After being given sufficient notice of the debt cancellation, EXPERIAN and TRANSUNION failed to update the trade lines to reflect a zero balance in violation of its duties and obligations under the FCRA.

22. Because of Defendants' conduct, Michael Lute suffered financial and emotional distress.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY EXPERIAN**

23. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

24. Defendant EXPERIAN prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

25. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

26. Specifically, Plaintiff informed EXPERIAN that BOA had canceled the debt for the trade lines in question, and accordingly the trade lines should reflect a zero balance. Nonetheless, EXPERIAN verified the BOA trade lines as accurate.

27. EXPERIAN negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute highlighting that the BOA trade lines should reflect a zero balance, EXPERIAN negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i. Had EXPERIAN conducted a reasonable investigation into Plaintiff's dispute, or the evidence he provided, it would have listed the BOA balance as zero.

29. As a direct and proximate result of EXPERIAN's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, distress, mental anguish, worry, frustration, fear and embarrassment.

30. EXPERIAN's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, EXPERIAN was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against EXPERIAN for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANSUNION

31. Plaintiff repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. Defendant TRANSUNION prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

33. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Specifically, Plaintiff informed TRANSUNION that BOA had canceled the debt for the trade lines in question, and accordingly the trade lines should reflect a zero balance. Nonetheless, TRANSUNION verified the BOA trade lines as accurate.

35. TRANSUNION negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's dispute highlighting that the BOA trade lines should reflect a zero balance, TRANSUNION negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i. Had EQUIFAX conducted a reasonable investigation into Plaintiff's dispute, or the evidence he provided, it would have listed the BOA balance as zero.

37. As a direct and proximate result of TRANSUNIONS's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit

6

opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, distress, mental anguish, worry, frustration, fear and embarrassment.

38. TRANSUNION's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TRANSUNION was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against TRANSUNION for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY BANK OF AMERICA, N.A.

39. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

40. At all times pertinent hereto, BOA was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

41. BOA willfully and negligently supplied Experian and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

42. After receiving notice of Plaintiff's dispute, BOA willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed, and continued reporting the inaccurate information to EXPERIAN and TRANSUNION.

43. BOA notified Plaintiff and the IRS that the debt was cancelled, and any reasonable investigation would have made clear that the trade lines should no longer be reporting a balance.

44. Thus, BOA could not have performed a reasonable investigation in compliance with the requirements imposed upon furnishers under the FCRA.

45. By failing to conduct a reasonable investigation into Plaintiff's disputes, BOA negligently violated § 1681s-2(b).

46. Alternatively, by willfully failing to conduct a reasonable investigation BOA willfully violated § 1681s-2(b).

47. As a direct and proximate result of BOA's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, distress, mental anguish, worry, frustration, fear and embarrassment.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against BOA for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 2nd day of November, 2018.

Respectfully Submitted,


*/s/ Frank Venis*
Frank Venis, Esq.
Venis & Copp LLP
205 W. Randolph St. (Suite 2000)
Chicago, IL 60606
(312) 469-0707
venis@venisandcopp.com
Attorneys for Plaintiff