IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LUTE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-7451 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; BANK OF AMERICA, N.A., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are four motions: defendant's motion for summary judgment [113], plaintiff's motion for summary judgment [125], plaintiff's motion for leave to amend its complaint [146], and defendant's motion to strike the declaration of Krystal Keller [150]. For the reasons set forth below, the Court grants plaintiff leave to amend and denies the remaining motions.

**Background**

This case concerns defendant Bank of America's reporting to TransUnion and Experian that plaintiff had outstanding balances on his account after defendant had issued Form 1099-Cs to plaintiff. Plaintiff applied for and received a MasterCard account with defendant in 2004 and a Visa account with defendant in 2012. After making purchases on both accounts but making no payments for over 180 days, defendant "charged off" (wrote off) in 2013 the outstanding balances of $29,938.30 for the MasterCard account and $1,216.08 for the Visa account.

Years later, in 2016, defendant issued two Form 1099-Cs to plaintiff (one for each account). 1099-Cs are IRS forms creditors issue to a consumer after writing off the consumer's debt. After issuing the 1099-Cs, defendant continued to report to the consumer reporting agencies ("CRAs") that plaintiff owed the charged off amounts. Plaintiff called defendant on June 22, 2018, to dispute

1

the reported debt owed. During this call, a representative of defendant discussed the reporting with plaintiff and informed plaintiff that defendant was not collecting on the accounts. Plaintiff also reported his dispute with the CRAs through letters on June 29, 2018, and in August 2018. Defendant received notice of plaintiff's dispute with the credit reporting through "automated dispute verifications" from the CRAs. Defendant suggests it investigated the reporting disputes plaintiff made through the CRAs and responded appropriately, while plaintiff suggests defendant did not conduct a reasonable investigation.

In November 2018, plaintiff filed a complaint against TransUnion, Experian, and Bank of America for violations of the Fair Credit Reporting Act. Plaintiff settled with both TransUnion and Experian, who were then dismissed from the case on July 10, 2019, and December 13, 2019, respectively. Remaining defendant Bank of America filed a motion for summary judgment on March 16, 2020 and plaintiff filed a motion for summary judgment on June 1, 2020. On June 30, 2020, defendant filed an opposition to plaintiff's summary judgment motion. In response to defendant's arguments in its opposition, plaintiff filed a motion for leave to amend his complaint on July 21, 2020. Defendant opposed the motion for leave. On July 29, 2020, defendant filed a motion to strike the declaration of Krystal Keller, which plaintiff had offered in support of his motion for summary judgment.

**Analysis**

The Court first addresses plaintiff's motion for leave to file a first amended complaint. Plaintiffs are given wide latitude in amending their complaint. Under Fed. R. Civ. Pr. 15(a)(2), courts should freely give leave to amend complaints when justice so requires. In determining whether justice requires leave to amend, courts consider factors such as futility, undue delay, undue prejudice, or bad faith. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Further, first

amended complaints are allowed as a matter of right. *Id.* But given the late stage at which this amended complaint is filed (after discovery has closed), the Court will evaluate the 15(a)(2) factors.

Plaintiff seeks leave to amend the complaint to add that defendant failed to mark plaintiff's accounts as in-dispute and failed to verify the balance owed. Defendant argues that the plaintiff's motion is unduly delayed since it was filed well after discovery closed and after motions for summary judgment were filed. While plaintiff's motion is filed unusually late, plaintiffs are frequently given leave to amend complaints even up to trial. *See JPMorgan Chase Bank, N.A. v. McDonald*, No. 11 C 6902, 2016 WL 738450, at *1 (N.D. Ill. Feb. 25, 2016) (Zagel, J.); *see also Fermaint v. Planet Home Lending, LLC*, No. 18 C 07325, 2020 WL 1888915 at *2 (N.D. Ill. Apr. 16, 2020) (Jantz, M.J.). Since this is plaintiff's first amended complaint and plaintiff brought this motion only three weeks after defendant put him on notice of the potential deficiency in the original complaint, the motion is not unduly delayed.

Defendant also argues that it will be unduly prejudiced by allowing the amended complaint because it would cause defendant to re-litigate the case and disrupt "the entire discovery" that the parties have completed. But the "risk of prejudice is small where the proposed counts are based on the same facts and circumstances as the original counts, as this will limit the amount of extra discovery." *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1993 WL 390176, at *3 (N.D. Ill. Oct. 1, 1993). Further, the necessity of additional discovery "is not a reason by itself to deny a motion to amend." *Carlson v. Northrop Grumman Corporation*, No. 13 C 2635, 2014 WL 5334038, at *3 (N.D. Ill. Oct. 20, 2014) (Valdez, M.J.).

Plaintiff's claim is under 15 U.S.C. 1681s-2(b), which challenges defendant's investigation, review, and reporting to the credit reporting agencies. Defendant's alleged failure to mark plaintiff's account as disputed to the credit reporting agencies appears to be the crux of the issues, even if not explicitly stated in the original complaint. If defendant had marked plaintiff's accounts as disputed,

the credit reporting agencies may have treated plaintiff's accounts differently and plaintiff may not have suffered the damages he claims to have suffered. Further, the proposed amendment narrows the issues as it more specifically states plaintiff's claim; that defendant failed to conduct a reasonable investigation by failing to mark the accounts as in-dispute and by failing to verify the balance owed. As such, the Court finds it hard to believe that the parties would need to engage in extensive discovery if the Court granted leave to amend. Much of this discovery should already have been completed. The Court will reopen limited discovery, if any is necessary, on the issue of defendant's failure to mark plaintiff's accounts as in-dispute. However, the Court leaves it to Judge Finnegan to determine the extent of discovery needed.

Defendant also argues that plaintiff's amendment would be futile because the inclusion of an in-dispute FCRA claim stems from Section 1681s-2(a), for which no private right of action exists. However, plaintiff does not add another FCRA claim with his amended complaint. Rather, plaintiff's suggested amendment clarifies his existing FCRA claim. Section 1681s-2(b) requires furnishers to report results of investigations, including whether any information provided to the CRAs was incorrect or incomplete. *Lang v. TCF Nat. Bank*, No. 06 C 1058, 2008 WL 5111223, at *3 (N.D. Ill. Dec. 1, 2008) (Kennelly, J.), *aff'd,* 338 F. App'x 541 (7th Cir. 2009). As plaintiff notes, reporting that accounts are disputed could feasibly be encompassed by Section 1681s-2(b). Plaintiff's amendment would not be futile.

While the Court shares defendant's concern about the late stage at which this amended complaint is filed, the Court, in its discretion, grants plaintiff's motion for leave to amend his complaint. Since the parties' motions for summary judgment are based on the original complaint, which no longer exists, and discovery is being reopened, the motions are denied as moot in the interest of judicial expediency and consistency. The Court will allow both parties to renew their motions for summary judgment, with the same or different arguments, if they so choose. Further,

4

since defendant's motion to strike concerns a declaration filed with plaintiff's mooted summary judgment motion, the motion to strike is also denied as moot.

**Conclusion**

For these reasons, this Court grants plaintiff's motion for leave to amend and denies plaintiff's motion for summary judgment, defendant's motion for summary judgment, and defendant's motion to strike.

IT IS SO ORDERED.

Date: 3/29/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge